IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT J. FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-0008-MJR-DGW |
| | ) |
| DEAN FOODS, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On November 23, 2015, Robert Foster filed a *pro se* complaint in Illinois state court against Dean Foods, alleging that Dean Foods fired him in violation of the Americans with Disabilities Act, the Family and Medical Leave Act, and a collective bargaining agreement between Dean Foods and Foster's union. Foster says that he worked for Dean Foods from 2009 to 2012; that he was terminated on September 28, 2012 while he was on medical leave for an injury that occurred in August 2012, and that Dean Foods terminated him because he incurred work absences for medical reasons. On January 4, 2016, Dean Foods removed Foster's complaint to this Court on federal question grounds, and then moved to dismiss the entire complaint for failure to state a claim. That motion to dismiss is now before the Court for review.

A motion to dismiss tests the legal sufficiency of a complaint and the claims within it—a complaint's factual sufficiency, aside from the question of whether it contains enough facts at all, is to be tested later, usually by a motion for summary

judgment and sometimes by a full-blown trial. *Szabo v. Bridgeport Mach., Inc.*, **249 F.3d 672, 675-76 (7th Cir. 2001)**. It is for that reason that the Court must accept all of the facts alleged in a plaintiff's complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. *Healy v. Metro. Pier & Exposition Auth.*, **804 F.3d 836, 838 (7th Cir. 2015)**. A claim survives a motion to dismiss if there are enough facts pled to put the defendant on notice and if those facts, accepted as true, state a plausible legal claim. *Vesely v. Armslist LLC*, **762 F.3d 661, 664 (7th Cir. 2014)**.

The Court will first address Dean Foods' motion to dismiss the Family and Medical Leave Act and Americans with Disabilities Act claims on statute of limitations grounds. Statutes of limitations fix the ordinary outer limit for bringing a suit—they set a point in time, usually the point when a plaintiff should know that his rights have been violated, and then run from that point on for a period of years, after which the plaintiff can no longer sue. *See generally Hollander v. Brown*, **457 F.3d 688, 692 (7th Cir. 2006).** In certain limited circumstances the steadily running time period can be paused ("tolled," in legal parlance), *Williams v. Sims*, **390 F.3d 958, 959 (7th Cir. 2004)**, but once the time period runs out, the plaintiff is generally out of luck. Limitations periods might seem arbitrary and a bit draconian to the non-lawyer, but they serve an important purpose—they are designed to avoid the possibility of litigation into perpetuity by telling a defendant that it can rest assured that it typically can't be sued once a fixed period elapses. *E.g., Writ v. Metro. Life Ins. Co.*, **772 F.3d 1269, 1280 (11th Cir. 2014);** *Rakes v. United States*, **442 F.3d 7, 20 (1st Cir. 2006).**

2

Foster didn't sue fast enough to avoid the statute of limitations bar for his leave and disabilities claims. The statute of limitations for Family and Medical Leave Act retaliatory discharge claims usually starts when the employee was terminated, and it runs for two years from that date for non-willful claims and three years from that date for willful claims. **29 U.S.C. § 2617(c);** *Williams v. Northwest Airlines, Inc.***, 53 F. App'x 350 (6th Cir. 2002).** Foster was fired on September 28, 2012 and didn't bring suit until November 23, 2015, so even giving him the benefit of the three-year period for willful claims, he filed suit almost two months too late. And Foster was even further out of time for his Americans with Disabilities Act claim. To make out a timely claim under that statute, a litigant must sue within ninety days of receiving a right to sue letter. **42 U.S.C. § 12117(a);** *Miller v. Georgia***, 223 F. App'x 842 (11th Cir. 2007).** Foster filed two charges of discrimination with the Commission based on his tenure at Dean Foods, and he then received right-to-sue letters from the Commission in January 2012 and November 2012. Even counting from the latest of those two letters and assuming Foster's charges with the Commission covered his Americans with Disabilities Act claim, Foster's time to sue would have ran out in February 2013. Foster seems to concede that his time ran out to file both of these claims—he doesn't offer any basis for tolling and he says that he only mentioned those claims to show a pattern of poor practices—so it's proper to dismiss those claims with prejudice from this suit.

Foster's only remaining claim is for breach of contract. He says that Dean Foods violated the collective bargaining agreement between it and Foster's union when it terminated Foster's employment, as the absences used to justify the termination were

exempted from punitive treatment by the collective agreement. That might sound like a classic state breach of contract action which should return to state court in light of the dismissal of Foster's other federal claims, *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, **551 F.3d 599, 607 (7th Cir. 2008)**, but the Labor Management Relations Act creates a federal remedy for the breach of a collective bargaining agreement, and that remedy is exclusive. *Nat'l Metalcrafters v. McNeil*, **784 F.2d 817, 823 (7th Cir. 1986).** The preemptive force of the Labor Management Relations Act is broad—state breach of collective agreement claims are preempted, as are state claims which are "dependent upon [the] analysis of the terms of an agreement made between the parties in a labor contract." *Allis-Chalmers Corp. v. Lueck*, **471 U.S. 202, 220-21 (1985).** Foster's termination claim relates to the way absences are calculated under the collective bargaining agreement, so it falls within that ambit and should remain in federal court. *E.g., McCoy v. Maytag Corp.*, **495 F.3d 515, 520 n.8 (7th Cir. 2007);** *Matter of Amoco Petroleum Additives Co.*, **964 F.2d 706, 709-10 (7th Cir. 1992);** *Ellis v. Gelson's Markets*, **1 F.3d 1246 (9th Cir. 1993);** *Scott v. Riley Co.*, **645 F.2d 565, 568-69 (7th Cir. 1981).**

To bring a claim for breach of a collective bargaining agreement, a litigant must exhaust his administrative remedies, meaning that he must employ the procedures laid out in the agreement before bringing his dispute to federal court. *Smith v. Colgate-Palmolive Co.*, **943 F.2d 764, 771 (7th Cir. 1991).** Dean Foods insists that Foster failed to allege that he exhausted his remedies in his complaint, meaning that this claim, too, must be dismissed at this early stage. That's wrong. The failure to exhaust collective bargaining remedies is an affirmative defense. *Sellers v. M.C. Floor Crafters, Inc.*, **842**

4

F.2d 639, 642 n.2 (2d Cir. 1988). A plaintiff isn't required to plead facts to negate such a defense in his complaint, and when he doesn't, the claim usually can't be dismissed at the motion to dismiss phase, as the Court is obliged to restrict its analysis to the facts pled. *E.g., ABF Freight Sys., Inc., v. Int'l Bhd. of Teamsters*, 728 F.3d 853, 862 (8th Cir. 2013); *Thompson v. Fairmont Chicago Hotel*, 525 F. Supp. 2d 984, 991-92 (N.D. Ill. 2007). There's an exception to that rule if the factual predicates for the dismissal are subject to judicial notice or if the plaintiff pleads enough facts in his complaint to make plain that the defense forecloses the suit. *E.g., Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015); *Meyers v. Textron*, 540 F. App'x 408, 409-10 (5th Cir. 2013); *Tregenza v. Great Am. Comm. Co.*, 12 F.3d 717, 718 (7th Cir. 1993). That was the case for Foster's Family and Medical Leave Act and Americans with Disabilities Act claims, but it's not the case for Foster's contract claim. Foster didn't lay out the steps he took to exhaust in his complaint but merely hints that he did, so exhaustion must be dealt with later.

There is one closing item: Foster has moved for default judgment, claiming that Dean Foods failed to respond to various affidavits he sent them. Federal Rule of Civil Procedure 55 governs default judgments, providing for default by the clerk when a defendant fails to respond to a complaint, and then a full-blown default judgment under certain circumstances. Because Dean Foods responded to the complaint by way of a motion to dismiss, there's no basis for entry of default or a default judgment here, regardless of Dean Foods' failure to respond to Foster's previous correspondence.

To sum up, Dean Foods' motion to dismiss (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART**. Foster's claims under the Family and Medical Leave Act and the

Americans with Disabilities Act are **DISMISSED with prejudice**. His claim for breach of contract under the Labor Management Relations Act remains alive. Foster's motion for a clerk's default or an outright default judgment (Doc. 13) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  June 13, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**