## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT J. FOSTER,          )
                                 )
               Plaintiff,         )
                                 )
vs.                         )       **Case No. 16-cv-0008-MJR-DGW**
                                 )
DEAN FOODS,            )
                                 )
              Defendant.     )

## MEMORANDUM AND ORDER

REAGAN, Chief Judge:

On November 25, 2015, Robert J. Foster filed a *pro se* complaint against Defendant Deans Foods[1] in the Twentieth Judicial Circuit, St. Clair County, Illinois. He alleged that Dean Foods fired him in violation of the Americans with Disabilities Act, the Family and Medical Leave Act, and a collective bargaining agreement between Dean Foods and Foster's union. The defendant removed the case to federal court and filed a motion to dismiss on January 4, 2016. On June 13, 2016, Defendant's motion to dismiss was granted in part and denied in part, leaving only Foster's breach of the collective bargaining agreement claim before the Court. Before the Court is Defendant's motion for summary judgment on Foster's remaining claim. Defendant asserts several grounds for granting summary judgment, including that Foster failed to exhaust his administrative remedies under the collective bargaining agreement after his termination and that his failure to exhaust is not excused.

---

[1] The Court is mindful that Defendant notes that it is incorrectly named as Dean Foods and should be named as Suiza Dairy Group, LLC d/b/a Pet O'Fallon, LLC, but for simplicity refers to Defendant as named in the complaint.

According to Foster's complaint, he worked for Dean Foods from 2009 to 2012. After a shoulder injury at work in August 2012, Foster claims that the defendants unfairly terminated him for amassing too many unexcused absences. Foster alleges that an absence from work in August 2012 that Defendant classified as a "no call, no show" absence was excused because he was under the care of a doctor. An addendum to the collective bargaining agreement between Foster's union, Local 50, and Dean Foods created a points system for tracking an employee's absences and late arrivals to work. (Doc. 28, Ex. 1, p. 21-23). The addendum delineated the corrective action and discipline that employees could expect if they accumulated points and explained what types of absences would be excused.

Foster, in accordance with the addendum, was reprimanded for amassing too many points at multiple times during his employment. (*See* Doc. 28-1, p. 24-29). He was suspended for absenteeism and tardiness on at least six occasions during his employment and warned each time that additional points could result in his termination. According to Defendants, Foster's absence that they classify as a "no call, no show" absence in August 2012 caused him to accumulate too many points, so his termination was called for under the collective bargaining agreement. Though the parties dispute whether Foster's absence in August 2012, was excused or not, they agree that Foster did not file a grievance, timely or otherwise, immediately following his termination as required by the collective bargaining agreement.

The collective bargaining agreement contained grievance and arbitration procedures that an employee was required to follow. The agreement provided that

2

"[a]ny dispute or grievance shall first be acted upon by the employee and the steward if requested by the employee and the employee's immediate supervisor." (Doc. 28-1, p. 11). If a complaint was not resolved, the agreement laid out an appeal procedure, involving a formal, written complaint on a form provided by the union that was to be submitted to representatives of the union and to the local plant manager. Additionally, the collective bargaining agreement laid out a procedure specific to filing a grievance following a termination. Under the agreement:

> The Employer shall not discharge nor suspend any employee without just cause. . . . Discharge and/or suspension must be by proper written notice to the employee and the Union. Any employee may request an investigation as to his discharge or suspension. A grievance involving a discharge, suspension or disciplinary action must be filed in writing within seven (7) days of the occurrence of such action and shall be promptly processed through the herein provided grievance procedure.

(Doc. 28-1, p. 16). In addition to arguing that Plaintiff did not exhaust his administrative remedies, Defendant also indicates that Plaintiff filed suit outside the applicable statute of limitations and that Plaintiff's claim fails on the merits based on the undisputed material facts.

Summary judgment is "appropriate if the admissible evidence considered as a whole shows that 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Dynegy Mktg. & Trade v. Multi Corp.***, 648 F.3d 506, 517 (7th Cir. 2011) (citing FED. R. CIV. P. 56(a)).** The party seeking summary judgment bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett***, 477 U.S. 317, 323 (1986).** After a properly supported motion for summary judgment is made, the adverse party "must set forth

specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)(2)). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. In response, a nonmoving party "must present something more than a mere scintilla of evidence or some metaphysical doubt as to the material facts to survive summary judgment." *Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co.*, 600 F.3d 878, 882 (citations and quotations omitted). The Court considers the facts in the light most favorable to the non-movant and adopts reasonable inferences and resolves doubts in the nonmovant's favor. *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

Plaintiff's breach of collective bargaining agreement claim is in federal court due to the preemptive force of the Labor Management Relations Act (LMRA). *See Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985). To bring a claim for breach of a collective bargaining agreement, a litigant must exhaust his administrative remedies, meaning he must avail himself of the grievance procedures laid out in the agreement before filing suit. *Smith v. Colgate-Palmolive Co.*, 943 F.2d 764, 771 (7th Cir. 1991). Exhaustion of administrative remedies is necessary to "protect the integrity of the collective-bargaining process and to further that aspect of national labor policy that encourages private rather than judicial resolution of disputes arising over the interpretation and application of collective-bargaining agreements." *Clayton v. UAW*, 451 U.S. 679, 687 (1981).

The defendant indicates that Foster did not file a grievance following his termination. In his response to the summary judgment motion, Foster concedes that he did not attempt to file a grievance, suggesting that it would have been futile for him to do so because he could not have met the seven day filing deadline. With the parties in agreement that Foster did not attempt to avail himself of the grievance process following his termination, the question becomes whether Foster's failure to exhaust should be excused by the Court. Foster's futility argument would be more persuasive if he had attempted to file a grievance, and the grievance later deemed untimely because Foster was not informed of his termination in time to file a timely complaint. Instead, Foster opted not to file a grievance at all in the weeks and months after he received his termination letter. Under certain circumstances, the exhaustion requirement may be excused by a court, in its discretion, after considering three factors:

> [F]irst whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301 [of the LMRA]; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim.

*Clayton*, 451 U.S. at 689.

Even being mindful of Foster's *pro se* status, his complaint and response to the motion for summary judgment cannot be read as raising an argument that his failure to

exhaust administrative remedies should be excused. He hints at some perceived hostility from some co-workers and supervisors, but his allegations fall short of suggesting that hostility would have permeated every step of the grievance process and rendered his grievance attempt, had he made one, futile. *See Hammer v UAW,* **178 F.3d 856, 859 (7th Cir. 1999)(citing** *Sosbe v. Delco Electronics Div. of General Motors Corp.,* **830 F.2d 83, 86 (7th Cir. 1987))**. Foster's complaints about the perceived futility of filing a grievance do not rise to a level that excuses his failure to do so. *See Sosbe,* **830 F.2d at 86 (finding that a union member must establish futility at every step of the relevant grievance procedure to establish sufficient hostility to excuse a failure to exhaust administrative remedies)**.

Foster raises no argument as to the inadequacy of the union's internal appeal procedures or suggesting filing a grievance would lead to an unreasonable delay to his ability to file suit, even drawing all inferences in his favor. He did not attempt to avail himself of the grievance process before filing suit. Accordingly, the Court **FINDS** that Foster failed to exhaust his administrative remedies under the collective bargaining agreement before filing suit against the Defendant and **GRANTS** the motion for summary judgment based on Foster's failure to exhaust. As Foster's breach of the collective bargaining agreement claim is barred by his failure to exhaust the grievance process, it is unnecessary to address Defendant's alternative arguments for summary judgment.

<u>CONCLUSION</u>

Defendant Dean Foods's motion for summary judgment is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Defendant Dean Foods and against Plaintiff Robert J. Foster. All pending motions are **MOOT** and settings including the final pretrial conference set April 14, 2017, and the jury trial set April 17, 2017, are **CANCELLED**.

**IT IS SO ORDERED**.

DATED: March 17, 2017

*<u>s/ Michael J. Reagan</u>*
MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**
